**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Ave., Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
Alexander H. Lim, Esq. (297525)
alex@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:  (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiffs*,
Michelle Conley; and, Ronald Conley

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE CONLEY; AND RONALD CONLEY,<br><br>            Plaintiffs,<br><br>    v.<br><br>NCC BUSINESS SERVICES, INC.; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION LLC,<br><br>            Defendant. | Case No.:   '16CV0115 JAH JLB<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;**<br><br>**2.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, ET SEQ.;**<br><br>**3.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.; AND,**<br><br>**4.) CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Plaintiffs MICHELLE CONLEY and RONALD CONLEY ("Plaintiffs"), by Plaintiffs' attorneys, bring this lawsuit to challenge the illegal actions of Defendants NCC BUSINESS SERVICES, INC. ("NCC" or "Defendants"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax" or "Defendants"); EXPERIAN INFORMATION SOLUTIONS, LLC ("Experian" or "Defendants"); and, TRANS UNION LLC ("Trans Union" or "Defendants") with regard to Defendants' reporting of erroneous negative and derogatory

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

reports to Plaintiff's credit report, as that term is defined by 15 U.S.C. § 1681a(g); Defendants' willful and negligent failure to properly investigate the repeated disputes of Plaintiffs concerning the inaccurate account Defendants are reporting in Plaintiffs' files, and Defendants' failure to correct such, which Defendants knew or should have known was erroneous and which caused Plaintiffs damages.

4. Plaintiffs also bring this Complaint for damages, injunctive relief, and any other available legal and equitable remedies, resulting from the attempts by NCC, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

5. Plaintiffs make these allegations on information and belief, with the exception of allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, Plaintiffs allege that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

9. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

### JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; 15 U.S.C. § 1681p; 15 U.S.C. § 1692k; and, 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of (i) the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); (ii) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); (iii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"); and, (iv) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1. et seq. ("CCCRAA").

12. Because Defendants conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiffs are natural persons who reside in the City of Carlsbad, County of San Diego, in the State of California.  In addition, Plaintiffs are "consumer(s)" as that term is defined by 15 U.S.C. § 1692a(3); Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

15. Defendant NCC is a corporation incorporated in the State of Florida.

16. Defendant Equifax is a limited liability company incorporated in the State of Georgia.

17. Defendant Experian is a corporation incorporated in the State of Ohio.

18. Defendant Trans Union is a limited liability company incorporated in the State of Delaware.

19. Defendant NCC is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

20. Plaintiffs are informed and believe, and thereon allege, that NCC, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

21. Defendants Equifax; Experian; and, Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

22. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

23. The causes of action herein also pertain to Plaintiffs' "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiffs' credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

### FACTUAL ALLEGATIONS

24. At all times relevant to this matter, Plaintiffs were individuals residing within the State of California.

25. Furthermore, Defendants conducted business within the State of California at all times relevant.

///

///

26. Sometime prior to November 2014, Plaintiffs allegedly incurred financial obligations with the original creditor, Legacy Village Apartment Homes ("Legacy"), that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

27. These alleged financial obligations were for personal, family or household purposes, and therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

28. Sometime thereafter, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiffs dispute the validity of Plaintiffs' alleged debt.

29. Subsequently, the alleged debt was assigned, placed, or otherwise transferred, to NCC for collection.

30. As a result, NCC sent Plaintiffs at least two (2) written communications with regard to Plaintiffs' alleged debt.  These written correspondences constitute a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and a "debt collection" as that phrase is defined by 15 U.S.C. § 1692a(6).

31. NCC's letters attempted to collect an alleged debt on behalf of Legacy for liquidated damages resulting from the termination of a residential property.

32. However, under both California and Texas law, the jurisdiction in which the residential lease was entered, a provision in a contract for liquidated damages is void.  As such, NCC's attempted to collect an invalid debt by seeking such damages.

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

33. Through this conduct, NCC violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiffs in connection with Plaintiffs' alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, NCC also violated Cal. Civ. Code § 1788.17.

34. Through this conduct, NCC violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiffs' alleged debts. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, NCC also violated Cal. Civ. Code § 1788.17.

35. Through this conduct, NCC violated 15 U.S.C. § 1692e(2)(A) by making a false representation concerning the character, amount, or legal status of a debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, NCC also violated Cal. Civ. Code § 1788.17.

36. Through this conduct, NCC violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiffs' alleged debts. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, NCC also violated Cal. Civ. Code § 1788.17.

37. Through this conduct, NCC violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiffs' alleged debts. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, NCC also violated Cal. Civ. Code § 1788.17.

38. Through this conduct, NCC violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating Plaintiffs' alleged debt nor permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, NCC also violated Cal. Civ. Code § 1788.17.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

39. NCC further engaged in illegal collection activity by reporting Plaintiffs' alleged debt to the credit bureaus.

40. Through this conduct, NCC violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt.   This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, NCC has also violated Cal. Civ. Code § 1788.17.

41. Through this conduct, NCC violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, NCC has also violated Cal. Civ. Code § 1788.17.

42. Through this conduct, NCC violated 15 U.S.C. § 1692e(8) by communicating credit information to the credit bureaus that is known or should be known to be false.   This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, NCC has also violated Cal. Civ. Code § 1788.17.

43. Through this conduct, NCC violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in connection with the collection of Plaintiff's alleged debt.   This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, NCC has also violated Cal. Civ. Code § 1788.17.

44. Through this conduct, NCC violated 15 U.S.C. § 1692f by using unfair and unconscionable to collect Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, NCC has also violated Cal. Civ. Code § 1788.17.

45. Through this conduct, NCC violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiff not permitted by law.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, NCC has also violated Cal. Civ. Code § 1788.17.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

46. Through this conduct, NCC has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that NCC knew or should have known was inaccurate.

47. Upon being notified that NCC was reporting the inaccurate information to Plaintiffs' credit reports, Plaintiffs immediately disputed the alleged debt with Equifax, Experian and Trans Union on or about March 2015.  In said dispute, Plaintiff informed NCC and the credit bureaus that NCC's reporting was false and inaccurate because the alleged debt was for liquidated damages in a residential lease agreement, which is void in California as well as Texas.

48. Despite receipt of the information supporting Plaintiffs' claims, NCC verified the inaccurate information and Equifax, Experian and Trans Union continued to report said information.   To date, said derogatory mark remains on Plaintiffs' credit reports and continues to damage Plaintiffs.

49. Due to Defendants' failure to investigate, Defendants failed to update Plaintiff's credit file with the correct information and continued to report inaccurate information in violation of the FCRA.

50. By inaccurately reporting Plaintiff's alleged debt, Defendants failed to take reasonable procedures to assure maximum accuracy of information concerning Plaintiffs' credit files and are in violation of 15 U.S.C. § 1681 et seq.

51. As a result of Defendants' action and inaction, Plaintiffs have suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiffs have further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

///

///

52. Thus, Defendants took actions against Plaintiffs concerning the alleged violation of the statutes discussed above.   Consequently, Defendants have violated 15 U.S.C. §§ 1692d; 1692e; 1692e(2)(A); 1692e(8); 1692e(10); 1692f; 1692f(1); and, 1692g.[2]  In addition, Defendants also violated Cal. Civ. Code §§ 1788.17; 1782.25(a); and, 1812.700.  Lastly, Defendants violated 15 U.S.C. § 1681 et seq.

**CAUSE OF ACTION**

**COUNT I**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. §§ 1681 ET SEQ.**

**[AGAINST ALL DEFENDANTS]**

53. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Defendants willfully, recklessly, and negligently violated provisions of the FCRA.

55. Defendants' violations include, but are not limited to the following:

    a.   Defendants violated 15 U.S.C. § 1681s-2(a)(1)(A) by furnishing the Plaintiffs' information to a consumer reporting agency when Defendants knew or had reasonable cause to believe that the information was inaccurate.

56. As a result of the above violations of the FCRA, Defendants are liable to Plaintiffs in the sum of Plaintiffs' actual damages, punitive damages, costs, and reasonable attorney's fees.

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

---

[2] Plaintiffs do not allege that Equifax, Experian or Trans Union violated either the FDCPA or RFDCPA.

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

### [AGAINST DEFENDANT NCC ONLY]

57. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

59. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT III

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code § 1788, et seq.

### [AGAINST DEFENDANT NCC ONLY]

60. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

62. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## COUNT IV

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## Cal. Civ. Code § 1785.1, et seq.

## [AGAINST DEFENDANT NCC ONLY]

63. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

65. In the regular course of its business operations, NCC routinely furnishes information to credit reporting agencies pertaining to transactions between NCC and NCC's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

66. Because NCC is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), NCC is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Since NCC received Plaintiffs' dispute letters, NCC should have also known that Plaintiffs' alleged debt was void.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendants:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;

///

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

- An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff;

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and,
- Any and all other relief the Court deems just and proper.

Dated: January 17, 2016

KAZEROUNI LAW GROUP, APC


By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFFS


### TRIAL BY JURY

67. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.


Dated: January 17, 2016                              Respectfully submitted,

KAZEROUNI LAW GROUP, APC


By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFFS